IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2005-341J |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE GIBSON |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION and ORDER

**GIBSON, J.**

## SYNOPSIS

This matter comes before the Court on David W. Mitchell's (hereinafter "Petitioner") Petition for a Writ of Mandamus (Document No. 1), the United States' (hereinafter "Respondent") Response thereto (Document No. 4), and the Petitioner's Response to the United States Response to Petitioner's Writ of Mandamus (Document No. 5)(hereinafter "Response").

The Petitioner was given the deadline of May 6, 2006 to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See Document No. 66 at Criminal No. 04-7-1J.[1] Subsequently, the Petitioner filed a one page document entitled "WRIT OF MANDAMUS" wherein the Petitioner, as a federal prisoner, wrote in pertinent part the following:

TO HIS HONORABLE KIM R. GIBSON:

This WRIT is being filed pro-se by the defendant.

---

[1]The "WRIT OF MANDAMUS" was originally filed at Criminal Number 04-7J, but the Court has since directed that all materials related to the request for a writ be filed at Civil Action Number 2005-341J.

> Your honor on May 20, 2005, you gave an order pertaining to a pro-se petition for an extension of time to file post sentence motions (dockument [sic] no. 65).
> Your order stated that the defendant shall file said motion to vacate sentence under 28 U.S.C. § 2255 on or before 5/6/2006.
> The defendant is incarcerated in the Somerset Co. Jail. The law library is inadequate for the defendant to file said motion under 28 U.S.C. § 2255.
> The usual practice at the Somerset Co. Jail is if the legal material needed is not available in the jails [sic] law library they go over to the law library at the Somerset Co. Court house [sic] and copy the materials needed for the inmates.
> The materials needed are not in the jails [sic] law library so the defendant requested that the legal material be retrieved from the Somerset Co. Court house. [sic] This request was denied because the material needed is 400± pages and they will not copy that many pages. The defendant then requested that the material needed be signed out of the law library. This request was also denied.
> The deputy warden stated that they don't have any obligations to provide the material needed to file said motion.
> The defendant believes the jail should have an adequate law library and provide access to the courts when needed.
> The defendant requests this court command that the material needed be provided by the Somerset Co. Jail. The warden is stopping the defendant from complying with the order given on May 20, 2005. In turn the county jail is in violation of the order [sic]
> Thank you for your time and concideration [sic] in this matter.

The Petitioner in his Response describes the books contained in the law library in the Somerset County Jail, only one of which ("West law Pa. Rules of federal court") appears to pertain to federal law, practices or procedures.[2] The Petitioner then refines his vague request made in his original petition: "The material that was requested was one copy of 28 U.S.C. § 2255 and the accompanying rule governing section 2255, one copy of a forms and commentary book." Response, p. 4. The Petitioner further requests that his Response be considered an amendment to his petition if the original petition be denied and permit an amendment to be made. Response, p. 5.

---

[2]The Petitioner listed the contents of the jail law library as "one West law Pa. rules of state court, one West law Pa. rules of federal court, one West law Pa. criminal justice 2001, twenty-nine Purdons Pa. statutes annotated which consists of eleven Pa. C.S.A. 42, one Pa. C.S.A. 60-61, three Pa.C.S.A. 35, five Pa.C.S.A. 75, eight Pa.C.S.A. 18, twenty-nine books in total. It also has one Websters encyclopedia of dictionaries."

The Court notes that the Petitioner has filed a "Motion to Vacate Sentence and Set Aside Guilty Plea" and accompanying brief in support (Document Nos. 79, 80 at Criminal No. 2004-7J). However, the Court does not find that this renders the present matter moot as the Petitioner has not indicated that he has been given access to the requested materials as of the date of this Memorandum Opinion. Moreover, it is clear that from a brief glance at his motion, the Petitioner typed the motion himself and did not employ the form of motion for a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody found in the appendix to 28 U.S.C. § 2255.[3] The Petitioner is still within the time limit provided for filing a motion to vacate, and access to these requested materials may provide assistance to him in a manner that may allow him to amend the motion he has filed. The Court notes that it will not consider the substance of the Motion to Vacate Sentence and Set Aside Guilty Plea until after issuance of this opinion. The Court will grant the writ of mandamus.

**JURISDICTION/ VENUE**

Jurisdiction over the Petitioner's Petition is proper pursuant to 28 U.S.C. §§ 1331 and 1361. 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This Court determines that, as to the incarceration of federal prisoners, the Somerset County Jail is a federal agency, as the federal government has control over the jail's incarceration of federal prisoners pursuant to contract. This Court has previously determined that the presence of federal control is the determining factor regarding whether an entity is a federal

---

[3]This form or one "substantially" similar must be used to file a motion to vacate sentence. 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 2.

agency for the purpose of establishing jurisdiction under 28 U.S.C. § 1361. *Nguyen v. United States Catholic Conference*, 548 F.Supp. 1333, 1338-39 (W.D. Pa. 1982). Accordingly, jurisdiction is proper pursuant to 28 U.S.C. § 1361.

Alternatively, jurisdiction is also proper pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Federal question jurisdiction exists where an issue of federal law "appears upon the face of the complaint." *Difelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445-46 (3d Cir. 2003). This Court notes that it appears on the face of the Petitioner's Petition that he is raising a constitutional issue regarding his right to access to the courts.

## ANALYSIS

The Petitioner asserts that he requested copies of 28 U.S.C. §.2255, "the accompanying rule governing section 2255" and "one copy of a forms and commentary book."[4] (Document No. 5). The Petitioner claims that these items are not available to him in the jail's law library, but he also recognizes that he cannot prove their absence other than to assert that his requested items are not present. The Petitioner asserts further that his request to obtain these materials from the Somerset County Courthouse Law Library was denied because they exceeded 400 pages and such a number of copies would not be permitted to be made and the actual book was not permitted to be removed from the Courthouse Law Library. (Document Nos. 1, 5).

[4] The Petitioner's Response to the Respondent's Response states that the Petitioner requested 28 U.S.C. § 2255 and accompanying rules relating to that section. This Court notes that the Petitioner is most likely referring to the annotations and rules governing § 2255 proceedings that follow the statute, especially since the statute, annotations, rules and form of motion are more than 400 pages in the United States Code Annotated (1994 & Supp. 2005). The Court therefore takes judicial notice under Federal Rule of Evidence 201(b)(2) of the fact that the current paper version of West's 28 U.S.C.A. § 2255 along with its accompanying annotations, rules and form of motion governing § 2255 and the supplement to the rear of the applicable volume is in fact 435 pages in total and contained within one bound volume.

This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act. 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.* The Court will now examine the standard for issuing a Writ of Mandamus.

According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L. Ed. 2d 408, 425 (1988) (quoting *Heckler v. Ringler*, 466 U.S. 602, 616 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Hutton*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id.*

The Petitioner asserts that he has a constitutional right to the materials he requests. (Document No. 5). Indeed, the materials requested consist of the statute and accompanying annotations and rules addressing the legal vehicle by which he is able to file a motion to vacate sentence. Although the Petitioner has filed a motion to vacate, the Court cannot trust that any legal argument therein provides a sufficient basis to allow him to succeed without the basic guidance provided by the annotated version of 28 U.S.C. § 2255, the statute establishing the procedure and right to file a motion to vacate sentence. Being denied this material as a *pro se* petitioner at this stage prevents the Petitioner from addressing the potential legal arguments that could allow him to obtain a

possible vacation of his sentence. In the Court's view, to deny such access to necessary legal materials is equivalent to denying the Petitioner access to the Court itself. Therefore, the Petitioner's meaningful access to this Court is at issue, and such a right is clearly protected by law. *Lewis v. Casey*, 518 U.S. 343, 349-355, 116 S.Ct. 2174, 2179-2182, 135 L.Ed.2d 606, 616-620 (1996). Accordingly, even if library materials were routinely made available to the Petitioner by Somerset County Jail personnel, but denied to him in this instance for the reason that excessive copies would be needed thereby resulting in a denial of the Petitioner's right of access to the courts, then the Petitioner has met his burden to show that he has a clear and indisputable right to this writ, which will compel a "clear nondiscretionary duty." Additionally, the Court notes that the Petitioner has no other means of obtaining these materials other than by court order, *i.e.*, this extraordinary writ.

The Petitioner asserts that he has not been provided access to 28 U.S.C. § 2255 and accompanying annotations, rules and form. This Court notes that the Petitioner was denied access to a copy of the information sought because the number of pages requested was deemed to be too numerous and subsequently the Petitioner's alternate request for the actual volume containing the requested information was also denied. As a result, the Petitioner has attempted to simplify his request for numerous copies, but was unable to limit his copying request when his request to review the actual material sought to be copied was denied to him. Therefore the Petitioner cannot limit his copying request when he is without access to even review the material sought and is without any independent personal knowledge of the contents of the volume sought. *See Corgain v. Miller*, 708 F.2d 1241, 1250 (7th Cir. 1983) (noting the "Catch-22" created by this photocopying system); *Rich v. Zitnay*, 644 F.2d 41, 43 (1st Cir. 1981) (same). It has been said that:

> [l]egal research often requires browsing through various materials in search of inspiration; tentative theories may have to be abandoned in the course of research in the face of unfamiliar adverse precedent. New theories may occur as a result of a chance discovery of an obscure or forgotten case. Certainly a prisoner, unversed in the law and the methods of legal research, will need more time or more assistance than the trained lawyers in exploring his case. It is unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult.

*Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978).

This Court notes that it has consulted volumes of treatises and statutes totaling in the hundreds of pages in the course of addressing this Petition. In light of the availability of these materials, this Court has printed and copied a few hundred pages from various cases when addressing the Petition *sub judice*. Based upon the Petitioner's description of the jail library, it is clearly inadequate for his research requirements. This Court cannot fathom how the Petitioner could possibly prepare a 28 U.S.C. § 2255 Motion to Vacate without access to a volume of United States Code Annotated or United States Code Service containing 28 U.S.C. § 2255 and its accompanying annotations, rules and form.[5]

This Court observes that courts have upheld jail library systems where the prisoner's ability to photocopy legal materials was limited. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980). However, in the above-cited case, the prisoner's ability to make photocopies was limited by requiring that he leave the materials with the librarian to be photocopied; he was not denied access to the legal materials. *Id.* When addressing a 300-page per annum photocopying limit, one court noted that, although prisoners do not have a right to unlimited photocopying, the "photocopying limit impinges directly on the plaintiffs' ability to conduct legal research because the only means by which they can

[5]Based upon an examination of the Petitioner's Response to the Respondent's Response it appears that the Petitioner has been relying upon the opposing party's citations of case law, citing the same cases and quoting the same text from those cases as the Respondent.

obtain legal materials is by photocopying." *Walters v. Thompson*, 615 F.Supp. 330, 340 (N.D. Ill. 1985).

The Court is cognizant that prisoners could abuse a system in which they are entitled to unlimited photocopying; however, such an abuse could be thwarted by ordering the Warden to provide the Petitioner with access to reasonably necessary legal materials in whatever form is most convenient to the warden, whether it be by photocopying, a book, or via a computer-based system, such as Westlaw or LexisNexis. This Court further observes the Petitioner's difficulty in proving the inadequacy of the jail library considering that he is not an attorney or a law librarian; however, this problem can be abated by ordering that the Petitioner be provided with specific materials. If such materials are already available to the Petitioner in the jail library, then the jail has incurred no burden.

Accordingly, in order to assure that the non-discretionary, ministerial duties owed to the Petitioner are provided by the Somerset County Jail, this Court orders the Warden of the Somerset County Jail to provide the Petitioner with access to the text of 28 U.S.C. § 2255 as well as the accompanying annotations, rules and form of motion that are available to the Somerset County Jail through the Somerset County Courthouse Law Library and its available sources.

An appropriate Order follows.

**AND NOW,** this 22nd day of November, 2005, this matter coming before the Court on the Petitioner's Petition for a Writ of Mandamus (Document No. 1), the Respondent's Response thereto (Document No. 4), and the Petitioner's Response to the Respondent's Response (Document No. 5), **IT IS HEREBY ORDERED THAT** the Petitioner's application for Writ of Mandamus is GRANTED and the Warden of the Somerset County Jail is directed to provide the Petitioner with access to a copy of 28 U.S.C. § 2255 and accompanying annotations, rules and form of motion that are available to the Somerset County Jail through the Somerset County Courthouse Law Library and its available resources in whatever written format (book, photocopy or computer printed copy) is preferred by the Warden or his personnel; and IT IS FURTHER ORDERED THAT the Clerk of Court mark this case closed as the Petitioner's Writ has been granted.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

cc: David W. Mitchell, *pro se*
John J. Valkovci, Jr., AUSA
Timothy Mapes, Warden of the Somerset County Jail